IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

NATHANIEL POWELL,          )
     Petitioner,           )
                           )
-versus-                   )          Criminal No. 2:16-CR-97-002
                           )
UNITED STATES OF· AMERICA, )
     Respondent.           )

PETITIONER'S REPLY TO GOVERNMENT'S Response
REGARDING 28 U.S.C. §2255

Comes Now, the Petitioner Nathaniel Powel, proceeding pro se submits his timely response to the Government's answer as follows:

1. Reply to Government's response - Claim One: Ineffective Assistance for failing to file an Appeal.

Petitioner requested his attorney to file an appeal, counsel failed to do so. Petitioner was denied his Sixth Amendment Right to effective Assistance of Counsel and direct appeal as a right. The Court advised the Petitioner he had a right to file an appeal. Petitioner was pre-judiced even if he signed an appeal waiver as part of his plea agreement. Gomez-Diaz v. United States, 433 F.3d 788, 790 (11th Cir. 2005). Accordingly, a Evidentiary Hearing is needed to resolve this claim see: Roe v. FLores-Ortega, 528 U.S. 470 (2000).

2. Reply to Government's response - Claim Two: Ineffective Assistance for failing to challenge the Drug quantity.

Counsel failed to properly investigate the facts of Petitioner's case related to "Numerous Untruthful" allegations given to the Government by Valerie Wilson. Petitioner advised his Counsel that the information in the PSR supplied by Valerie Wilson to Detective Dyer was untruthful and requested him to obtain the "rental agreement"

1.

from the apartment located on 3600 Block of Gateway Drive which
would show that the Petitioner only lived at that location for
approximately 6-months. This would have proven that Ms. Wilson was
<u>untruthful</u> when she debriefed with Detective Dyer and told him that
she bought ten bags of heroin every day from the year 2011 until 2016
see: (page 36 of the Sentencing Transcript lines 1-16). She makes
a specific claim that her purchases came from the apartment complex
at the 3600 Block of Gateway Drive see: (page 23 of the Sentencing
Transcript lines 7-14), and that, "she was purchasing heroin from
Powell since the summer of 2011, and she indicated that she was at
that apartment on 12 occasions" see: (page 36 of the Sentencing
Transcript lines 13-6). The rental agreement proves that Valerie
Wilson lied to Detective Dyer who then testified and gave false facts
at Petitioner's Sentencing Hearing because the Petitioner did not
live at the apartment on Gateway Drive in 2011. The rental agreement
shows' He did not live there until 2016. This revelation would have
shown the testimonial evidence Detective Dyer was testifying to at
sentencing was materially false and unreliable. The Government used
Ms. Wilson's information to attribute Drug weight and for maintaining
a Drug premise, and she was the Basis of the Relevant Conduct used
against the Petitioner at the Sentencing Hearing. The Court must use
the Preponderance of Evidence Standard at sentencing, However that
information <u>must</u> have a "sufficient indicia of reliability to support
its accuracy" <u>United States v. Mondragon</u>, 860 F.3d 227, 233 (4th Cir.
2017). "The Supreme Court recognizes a due process right to be
sentenced only on information which is accurate". A criminal defendant

2.

must establish that the challenged evidence is materially false or
unreliable, and that such false or unreliable information actually
served as a basis for the sentence in order to prove a due process
violation." United States v. Adams, 873 F.3d 512, 517 (6th Cir. 2017).
This Standard would have been met, had Counsel obtained the rental
agreement and used it to prove the information provided by Valerie
Wilson was untruthful. Based on the above Petitioner's Counsel was
Constitutional ineffective at sentencing. The lease agreement sub-
mitted to the Court clearly shows the occupancy date of January 15,
2016 at 3569 Gateway Drive see: (attached rental agreement).
The Fourth Circuit has held that the Strickland test applies to both
capital and non-capital Sentencing Proceedings. United States v.
Conner, 456 F. App'x 300, 304 (4th Cir. 2011)(citing Glover v. United
States, 531 U.S. 198, 202-04, 121 S.Ct. 696, 148 L.Ed. 2d 604 (2001).
Courts have considered the ABA's Criminal Justice Standards in deter-
mining whether Counsel's representation was objectively reasonable.
Id. (citing Wiggins v. Smith, 539 U.S. 510, 524, 123 S.Ct. 2527, 156
L.Ed. 2d 471 (2003). The ABA's Criminal Justice Standards indicate
that Defense Counsel in a Non-Capital Sentencing Proceeding should
(1) promptly investigate the circumstances and facts relevant to sen-
tencing, (2) present the Court with any basis that will help achieve
an outcome favorable to the defendant, and (3) supplement or challenge
information provided in any presentence report. id. (citing ABA Crim-
inal Justice Standards 4-4.1(a), 4-8,1(b)). To establish prejudice, a
Petitioner must demonstrate "a reasonable probability that, but for
Counsel's unprofessional errors, the result of the proceeding would

3.

have been different." United STates v. Curtis, 360 F. App'x 413, 414
(4th Cir. 2010)(quoting Strickland, 466 U.S. at 691-92). It is clear
based on the above that the Petitioner has met this burden when he
Supplemented his Section 2255 with the rental lease agreement on
May 11, 2018 and May 17, 2018 at Docket entry 169 and Docket entry
170.

3. Reply to Government's response - Claim Three: Ineffective Assistance
for failing to challenge the false Testimony from Detective Dyer regar-
ding the Firearm Enhancement.

The Government wrongly asserts in their response that Detective Dyer
was truthful. The fact is (on page 36- of the Sentencing Transcript
lines 1-7) He testified that Ms. Wilson stated that she bought ten
bags of heroin every day and she purchased ten racks a day (obviously
the word rack is bundles of heroin). Detective Dyer testified falsely
not only in this instance, He also gave false facts to the Court at
the Sentencing Hearing supplied to him by his informant Valerie Wilson
that Ms. Wilson bought ten bag of heroin from Petitioner from 2011
until 2016 and that all the purchases came from the apartment on the
3600 Block of Gateway Drive. This was also proven false by the lease
agreement submitted to the Court. It is obviously apparent that the
Petitioner's Sentencing Hearing was tainted with false and unreliable
information and this was a violation of Petitioner's Due Process to
be sentenced only on information which is accurate, see: United States
v. Nichols, 438 F.3d 437, 440 (4th Cir. 2006). The Government also
wrongly asserts that Valerie Wilson offered no detail on the weapon
on page-14 of their response, this is also untruthful. Detective Dyer

4.

testified that Ms. Wilson said it was a Nine-millimeter see:(Sentencing Transcript page 38 line 22).

4. Reply to Government's response - Claim Four: <u>Ineffective Assistance of Counsel/The Government Breached Petitioner's Plea Agreement by allowing the Petitioner to Plead Guilty to a Specific amount of Drugs and then at Sentencing Relied on a Great Drug quantity</u>.

Petitioner's Attorney and the Government promised that the Statements he made during his debriefing would <u>not</u> be used against him, this promise is layed out in Petitioner's plea agreement (on page 12 lines 1-4) during the Petitioner's Sentencing Hearing information that was protected under the debrief/plea agreement was used to put on aggravating factors during Petitioner's Sentencing see: (Sentencing Transcript page 14 lines 1-25). The Government specifically reveals his debrief when U.S. Attorney Butler questioned Detective Dyer on the stand who stated "The Movant admitted to 848 grams" (on line 24-25). The Government broke the terms of the plea and used the debrief to aggravate Petitioner's sentence only to seek the maximum sentence the Court could impose. See: <u>United States v. Lawlor</u>, 168 F.3d 633, 637 (2nd Cir. 1999); see also: <u>Santobello v. New York</u>, 404 U.S. 257 (1971). Petitioner's Attorney was Constitutionally ineffective for not objecting to the Government's breach of the plea agreement. Nothing should have been mentioned about information provided in Petitioner's debrief at the Sentencing Hearing to influence the Court to consider a higher sentence.

5. Reply to Government's response - Claim Five: <u>Ineffective Assistance</u>
<u>for Failing to Object to Government's use of False Statements in refer-</u>
<u>ence to Brady Materials that was not Turned over to the Defense</u>.
The Government is wrong in this response on this premise, Petitioner
is <u>not</u> addressing the Drug quantities informant Detaun Gordon discussed
in his post-plea statement made to the Government that were attributa-
ble to the Petitioner in his §2255 Petitioner was talking about the
statements Mr. Gordon made to the Government regarding letters that
were allegedly sent by the Petitioner to the jail, that were inturn
used to support the 2-point enhancement for obstruction. The Defense
did <u>not</u> received none of the Statement's Mr. Gordon made and the Court
instructed the Government that no information will be used in the
Sentencing Hearing that was not turned over to the Defense see:
(Sentencing Transcript page 18 lines 1-20). The Petitioner did not
write any letter to informant Detaun Gordon nor were the Debrief
Statements turned over. This is a clear violation of <u>Brady v. Maryland</u>.
Counsel failed to object to the Government's use of the false State-
ments that were <u>not</u> turned over to the Defense.

<u>Counsels Performance Was Constitutional Deficient</u>
Petitioner's Sentencing Hearing was tainted with false and unreliable
information that did <u>not</u> meet the "Preponderance of evidence under
the sufficient indicia of reliability standard".

<u>Instances of False and Unreliable Testimony:</u>
Counsels performance and assistance was Constitutionally deficient
for not objecting to Ms. Wilson's false statements when she was
debriefed stating that "she purchase ten 'RACKS' a day". See:

6.

(Sentencing Transcripts page 36 line 7-9). Id. "On approximately
12 occassions", and "she had been to the apartment approximately on
12 occassions". Id. Sentencing Transcripts at 36 line 7-17 (Sic).
The Petitioner was in prison from 8/12 until 6/13, and he was released
in 2013. Counsel should have objected to the false testimony that
Detective Dyer provided to the Court at Petitioner's Sentencing
Hearing. Also, during Ms. Wilson's debrief session she described that
a black male asked her if she knew who he was; did he have dread-
locks, tall, short, light skin, dark complexion, anything to determine
who that might be?
A: I don't recall. See: (Sentencing Transcript page 40 line 11-15);
see also Ms. Wilson's Debrief Transcript.
The 1,050 grams, attributed to the Defendant that was based on the
information Ms. Wilson supplied was not credible. Infact, Detective
Dyer testified that Ms. Wison indicated "she did not know the package
was heroin but suspected it was" see: (Sentencing Transcript page 35
lines 5-7).
The two level enhancement for maintaining a Drug premise was also
based on the information supplied by Ms. Wilson. This information
was not credible either because Ms. Wilson lied about obtaining Drugs
from the Portsmouth address from 2011 to 2016. That fact is proven by
the lease agreement from the Westwinds Apartments submitted to the
Court that is signed by Petitioner's girlfriend. The Government must
prove  the facts underlying a sentencing enhancement by a "preponde-
rance of the evidence". That must have a "sufficient indica of rel-
iability".
U.S. Sentencing Guidelines Manual §2D1.1(b)(12) provides that if the
defendant maintained a premises for the purpose of manufacturing or
distributing a controlled substance, increase by two levels. In

7.

determining whether a defendant maintained a premises, the advisory notes suggest that courts should consider factors such as whether the defendant held a possessory interest in (e.g., owned or rented) the premises and the extent to which the defendant controlled access to, or activities at, the premises. §2D1.1, cmt., application m. 17. Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses. §2D1.1, cmt., application n. 17.

The Government failed to prove none of the above. The only information used to prove the enhancement was from Ms. Wilson that was false and unreliable.

Counsels performance was Constitutionally deficient as to prejudice the Petitioner, because he should have objected and pointed out all the inconsistencies in Detective Dyer's testimony in which was product of Ms. Wilson's debrief session. Detective Dyer's testimony was erroneously used to support all the enhancements, including "Drug weight and quantity, firearm enhancement, Maintaining a Premise and Obstruction of Justice.

The same standard in which requires that a conviction to be vacated, under this same standard Petitioner's sentence must also be vacated because it does not comport with the Due Process Clause. "Due Process is violated not only where the prosecution uses perjured testimony to support it's case, but also where it uses evidence which it knows creates a false impression of a material fact." See Hamric v. Bailey,

386 F.2d 390, 394 (4th Cir. 1967). Hence, "Evidence may be false either because it is perjured or, though not itself factually inaccurate, because it creates a false impression of facts which are known not to be true". Id. This violate the Petitioner's right to be sentenced on accurate information see: <u>Glover v. United States</u>, 531 U.S. 198, 202-04, 121 S.Ct. 696, 148 L.Ed. 2d 604 (2001).

Based upon counsels overall performance in which was Constitutionally deficient, as counsel was not functioning as the counsel in which the Sixth Amendment guaranteed. It is clearly without dispute that the deficient performance prejudiced the Petitioner's defense. See <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). But, for counsels deficient performance, "there is a rea-sonable probability that the result of the proceeding would have been different", (Petitioner's sentence would have been different). See Strickland, 466 U.S. at 694.

<u>Government Failure to Respond to Petitioner's 2255 Supplement</u>

The fundamental principle of litigation is that the Plaintiff brings a claim and the defendant has the burden to show why the Plaintiff should not prevail on his claims and the evidence presented. The defendant bears the burden of producing sufficient credible evidence to justify that Plaintiff is warranted no relief. "Once [plaintiff] puts forth credible evidence... , the onus... shift[s] to [defendant] to rebut that evidence with more persuasive evidence." <u>Hamidy v. Rumsfield</u>, 542 U.S. 509, 534 (2004).

The government has chosen not to respond to the Petitioner's supp-lemented §2255 claim, through they have been served process and

9.

docketed before the Court. Dated May 11, 2018 Docket entry 169 Exhibit to Supplement Docketed May 17, 2018 Docket entry 170. " The [Government] has had an opportunity to rebut [Petitioner's claim] for deciding the [merits of the] claim, [Government] advanced no countervailing [response].

"It is objectively unreasonable for [any Court] to fail to make an obvious factual finding to misapprehend or misstate the record with material facts, or to ignore evidence in support of Petitioner's claim." Marjanian v. Tilton, 2012 U.S. Dist. LEXIS 187725 (9th Cir. 2012).

"[T]his Court consider all admitted evidence - whether admitted erroneously or not..." U.S. v. Alexander, 331 F.3d 116, 128 (citing Lodchard v. Nelson, 448 U.S. 33, 39 (1988)). ("The Court must consider all the evidence in it's full context in deciding [issues]"). What the Petitioner has submitted to the Court exceeds what this Circuit has required to maintain a prima facie case.

The government failure to respond to Petitioner's §2255 supplement dated May 11, 2018 Docket entry 169, May 17, 2018 Docket entry 170 could be construed as a waiver by the government and if the Court should rule on something sua sponte, it can rule that there is no genuine issue of material fact in dispute granting the Petitioner's relief.

Conclusion

In conclusion Petitioner Powell request that an 'Evidentiary Hearing' be granted and or vacate and remand for resentencing.

10.

Unsworn Declaration Under Penalty of Perjury
(28 U.S.C. §1746)

I declare under penalty of perjury that the foregoing is true

and correct.

Executed on: _January 16, 2019_

_Nathaniel Powell_
Nathaniel Powell
Pro se,
#90186-083
Butner Medium I
PO Box 1000
Butner, NC 27509

Certificate of Service

I, Nathaniel Powell, do hereby certify that a 'true and correct'
copy of the aforementioned "Petitioner's Reply to Government's
Response Regarding 28 U.S.C. §2255" has been sent to the following
parties, prepaid for delivery on this 15 day of January,
2019.

Walter E. Hoffman U.S. Courthouse
600 Granby Street, Room 193
Norfolk, VA 23510-1915

United States Attorney's Office
Attn: Mr. John F. Butler
600 Granby Street
Norfolk, VA 23510-1915

BY: _Nathaniel Powell_
    Nathaniel Powell
    Pro se,
    #90186-083
    Butner Medium I
    PO Box 1000
    Butner, NC 27509

Footnote 1/: Under the mailbox rule pursuant to Houston v. Lack,
Supra, Petitioner pleading is deemed filed when he places it in
the hands of prison authorities.

12.