UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

NATHANIEL POWELL,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Criminal No. 2:16cr97-02

### EVIDENTIARY HEARING ORDER

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence filed by Nathaniel Powell ("Petitioner") under 28 U.S.C. § 2255. Petitioner brings six claims of ineffective assistance of counsel. ECF Nos. 168, 169. Herein, the Court resolves four of the claims. The Court **ORDERS** an evidentiary hearing to address the two remaining claims according to the following instructions.[1]

### I.  BACKGROUND

Petitioner pleaded guilty by written plea agreement to Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute more than 100 grams of Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). ECF No. 104. Petitioner waived his right to appeal his conviction or any sentence under the statutory maximum. *Id.* at 3. This Court sentenced Petitioner to 300 months' imprisonment and four years' supervised release. ECF No. 158.

---

[1] Mr. Powell also filed a Motion to Clarify "the time frames given to the Petitioner and the Government for responses." ECF No. 184. Mr. Powell's request for clarification stems from a reference to the Motion to Compel Disclosure of Information from Former Defense Counsel mistakenly attributing the filing to Petitioner, rather than to the Government. With this acknowledgement, the Motion to Clarify (ECF No. 184) is **DISMISSED** as moot.

1

At sentencing, defense counsel raised four objections to the Presentence Investigation Report ("PSR"): (1) the drug quantity attributed to Petitioner; (2) the two-point firearm enhancement; (3) two enhancements for threatening communications on social media; and (4) the two-point enhancement for maintaining premises for the purpose of distributing narcotics. *See* ECF No. 167 at 4–5.

Petitioner filed the instant Motion, as well as a Request for Leave to Supplement. The Motion to Supplement was granted. ECF No. 169. Petitioner also filed two exhibits, a copy of a Lease Agreement (ECF No. 170-1) and a copy of a letter to the United States Attorney's Office (ECF No. 170-2). The Court ordered the Government to respond to Petitioner's Motion. The Government's Response included an affidavit from counsel. *See* ECF No. 185-1.

## II. STANDARD OF LAW

A person in federal custody "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the [C]ourt which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A district court must "grant a prompt hearing thereon" unless the record "conclusively show[s] that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

The Sixth Amendment to the Constitution of the United States guarantees an accused the right "to have the Assistance of Counsel for his defense." U.S. Const., Amend. VI. The Supreme Court has held that "the right to counsel is the right to the effective assistance of Counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)) (internal quotation marks omitted). To succeed in a claim of ineffective assistance of counsel, a petitioner must show: (1) "that counsel's representation fell below an objective standard of reasonableness;" and (2) "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

The decision in *Strickland* directs that counsel's performance is reviewed "on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* "Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.* at 698.

## III. ANALYSIS

Petitioner alleges that counsel failed to (1) file a Notice of Appeal as instructed by Petitioner; (2) properly challenge relevant conduct at sentencing, leading to a larger drug quantity attributed to Petitioner in the PSR; (3) challenge allegedly perjured testimony from Detective Robert Dyer; (4) challenge the Government's alleged misuse of Petitioner's statements to increase the attributed drug quantity; (5) object to the Government's use of materials kept from Defendant in contravention of the decision in *Brady v. Maryland*, 373 U.S. 83 (1963); and (6) investigate potentially exculpatory evidence pertaining to a two-point Guidelines enhancement. These arguments are addressed in turn.

### i. Notice of Appeal

Petitioner claims that he instructed his attorney to file an appeal at his sentencing. ECF No. 168 at 12. Counsel's affidavit[2] disputes the claim. ECF No. 185-1 at ¶¶ 4–5. An evidentiary hearing is necessary to resolve this challenge.

---

[2] It is clear that Mr. Powell has waived his attorney-client privilege with respect to his ineffective assistance of counsel claims. *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim.");

3

At the evidentiary hearing, the parties shall address whether Mr. Powell indicated to his counsel an interest in appealing, and, separately, whether counsel consulted with Mr. Powell about filing a Notice of Appeal. *See United States v. Gonzalez*, 570 F. App'x 330, 337 (4th Cir. 2014) (Even if appeal is waived by plea, counsel must give "consultation regarding an appeal whether or not instructed to file an appeal when there are nonfrivolous grounds for appeal or when the defendant demonstrates a mere interest in appealing"); *see also United States v. Poindexter*, 492 F.3d 263, 272 (4th Cir. 2007) ("[W]hen a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed.").

If counsel improperly failed to consult with Mr. Powell, the parties shall address whether Mr. Powell "would have instructed his counsel to file an appeal" if he had "received reasonable advice from counsel about" his options. *Frazer v. South Carolina*, 430 F.3d 696, 708 (4th Cir. 2005) (internal quotation marks omitted).

## ii. Drug quantity

Petitioner was attributed with the equivalent of 1,050.01 kilograms of marijuana, which supported a Base Offense Level of 30. ECF No. 153 at ¶ 19. Of the narcotics attributed to Petitioner, 1,002 kilograms came from the statements of co-defendant Valerie Wilson and were considered "Relevant Conduct." *Id.* at ¶ 10. Petitioner claims that his Base Offense Level would

---

*Freedman v. United States*, No. 7:10-CR-15, 2013 WL4014974, at *6 (E.D.N.C. Aug. 6, 2013) ("[W]here such communications are necessary to prove or disprove petitioner's claims, he has waived attorney-client privilege with respect to those claims for the purposes of these habeas proceedings."). *See also* Va. Code § 8.01-654(B)(6) (2014) ("If [a habeas corpus] petitioner alleges as a ground for illegality of his detention the inadequacy of counsel, he shall be deemed to waive his privilege with respect to communications between such counsel and himself to the extent necessary to permit a full and fair hearing for the alleged ground."). As to the attorney's duty of confidentiality (which may be broader than the attorney-client privilege, *see* Va. R. Prof. Conduct 1.6 Comment 13)), the applicable Rule of Professional Conduct explicitly provides that "[t]o the extent a lawyer reasonably believes necessary, the lawyer may reveal . . . such information . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client." Va. R. Prof. Conduct 1.6(b)(2).

4

have been 24 had counsel adequately challenged the drug quantity by calling a chemist to testify. ECF No. 168 at 13.

The United States Court of Appeals for the Fourth Circuit has held that a challenge to counsel's effectiveness for failing to discredit a witness amounted to a "grading of the quality of counsel's cross-examination." *Hunt v. Nuth*, 57 F. 3d 1327, 1333 (4th Cir. 1995). The Fourth Circuit held that because counsel attempted to impeach the key witness with his pending charges and the favorable deal he struck with the prosecution, counsel's assistance was not ineffective. *See id.*

Here, counsel attacked the credibility of Ms. Wilson's statements during his argument supporting an objection to the drug quantity and during cross-examination of the Government's witness, Detective Dyer. *See* ECF No. 167 at 35–40, 44–45. In response to counsel's questioning, Ms. Wilson revealed that she never saw the narcotics directly, never provided a specific date or time when she allegedly saw the narcotics, and that she was a heroin addict. *Id.* at 35–37. He reiterated these points during argument before the Court. *Id.* at 44. Petitioner's subsequent challenge amounts to an attempt at grading counsel's cross-examination instead of identifying constitutionally deficient performance.

Petitioner also fails to establish prejudice. The Base Offense Level of 30 derives from a drug weight equivalency of 1,000 to 3,000 kilograms of marijuana. ECF No. 153 at ¶ 19. Over 1,000 kilograms of drug weight equivalency came from Ms. Wilson's statements. *Id.* at ¶ 10. Calling a chemist to dispute the remaining weight would have still resulted in attribution of more than 1,000 kilograms to Petitioner. Accordingly, the Base Offense Level would have been unchanged, and Mr. Powell suffered no prejudice by counsel's treatment of the drug weight. This claim is **DENIED**.

iii. <u>Government's reliance on allegedly perjured testimony</u>

Petitioner claims that counsel was ineffective for failing to properly challenge a two-point Guidelines enhancement based on allegedly perjured testimony. ECF No. 168 at 16–17. Detective Dyer testified on direct examination at sentencing that based on his experience, the word "rack" used by Petitioner in a jail call referred to a gun. ECF No. 167 at 20. He also testified that Petitioner said, "The gun has to go." *Id.* Later, on cross-examination, the following exchange regarding drug quantity occurred:

> Q [Counsel]: Okay. As a matter of fact, what it says is that she was buying bundles of heroin, which are ten bags, is that correct, for –
> A [Detective Dyer]: Ten bags.
> Q: – from 2011 until 2016.
> A: Uh-huh.
> Q: Five years. And she said she bought ten bags every day, did she not? Or at least that's what you-all wrote down that she said.
> A: She estimated purchasing ten *racks* a day.

*Id.* at 35–36 (emphasis added). Petitioner argues that Detective Dyer falsely testified that "rack" refers to a gun when it instead refers to a bag of heroin, and that the two-point firearm enhancement was not effectively challenged by counsel. ECF No. 168 at 17.

Counsel challenged the firearm enhancement, arguing that it was based solely on the statements of Ms. Wilson and that she was not a credible source. ECF No. 167 at 47. The Court later clarified that the basis for the firearm enhancement was Ms. Wilson's statements that Petitioner possessed a gun during the conspiracy. *Id.* at 48. Again, Petitioner is evaluating counsel's performance on cross-examination rather than identifying deficient performance. *See Hunt*, 57 F.3d at 1333. Accordingly, this claim fails each prong of *Strickland* and is **DENIED**.

iv. <u>Violation of the plea agreement</u>

Petitioner claims that counsel was ineffective at sentencing for failing to object when the Government allegedly breached the plea agreement and used Petitioner's post-plea statements to

6

calculate the drug quantity. ECF No. 168 at 20–21. The Government introduced these statements to suggest that Petitioner should have been attributed with the equivalent of 2,000 kilograms of marijuana. *See* ECF No. 168 at 20.

Counsel's performance was not deficient in this instance. He objected to the introduction of the aggravating evidence, stating, "So, again, I think the Court can, I guess, separate that out to aggravation, but we've not been put on notice that anybody is trying to say that he had two kilograms." ECF No. 167 at 13–14. Petitioner was also not prejudiced because Petitioner's Offense Level did not change based on this information. Accordingly, Petitioner fails to demonstrate ineffective assistance under *Strickland*, and the claim is **DENIED**.

    v.   <u>Use of *Brady* materials</u>

Petitioner argues that the Government's introduction of alleged statements by co-defendant Detaun Gordon during the direct examination of Detective Dyer violated the principles established in *Brady* and that counsel was ineffective for failing to object. ECF No. 168 at 22. Counsel objected, stating, "Again, Your Honor, I enter an objection. I don't have that, either. I do not have Mr. Detaun Gordon's debrief that took place very recently." ECF No. 167 at 17. The Court then admonished the Government for attempting to introduce evidence it had not shared with opposing counsel, stating, "[W]e just need to be clear that, at least in this courtroom, when we are putting on objections and enhancements . . . they need to know about it to properly prepare." *Id.* at 18. Accordingly, counsel did not err, and this claim is **DENIED**.

    vi.   <u>Two-point "maintaining premises" enhancement</u>

Petitioner challenges the enhancement under United States Sentencing Guideline section 2D1.1(b)(12) in the Supplement to his § 2255 Motion. *See* ECF No. 170. After reviewing

Petitioner's briefing and case file, the Court **DIRECTS** the parties to address this claim at the evidentiary hearing.

The parties shall address the nature of Mr. Woodward's investigation relating to the enhancement and the lease agreement (ECF No. 170-1) submitted by Petitioner. The parties shall also address whether any strategic decisions related to this claim were unreasonable and prejudicial to Petitioner. *See Smith v. Moore*, 137 F.3d 808, 817 (4th Cir. 1998). The Government is **DIRECTED** to brief its position at least fourteen days before the date of the evidentiary hearing. Petitioner may file a Reply seven days before the hearing.

## IV. CONCLUSION

The Court **ORDERS** the Clerk to appoint counsel for Mr. Powell pursuant to 18 U.S.C. § 3006A. Within one week of appointment, the parties are **ORDERED** to contact the Courtroom Deputy to schedule an evidentiary hearing for "as soon as [is] practicable after giving the attorneys adequate time to investigate and prepare." R. Governing § 2255 Proceedings 8(c). The Government is **DIRECTED** to produce Mr. Lawrence Woodward, Jr., Petitioner's former counsel, at the hearing for examination.

The Clerk is **REQUESTED** to send a copy of this Order to Mr. Powell, appointed counsel, and to the United States Attorney's Office.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

Aug 9th, 2019
Norfolk, Virginia