IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| **NATHANIEL POWELL,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:16cr97-02 |
| | ) | Civil No.  2:18cv175 |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**UNITED STATES' RESPONSE TO PETITIONER'S TWO REMAINING CLAIMS TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and John F. Butler and Andrew C. Bosse, Assistant United States Attorneys, hereby responds to Petitioner Nathaniel Powell's two remaining claims to vacate, set aside, or correct sentence as ordered by the Court on August 9, 2019. ECF No. 190.  Petitioner's Motion should be denied in its entirety because the remaining claims are without merit.  In support thereof, the Government states as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND[1]**

On July 20, 2016, Petitioner was charged with four co-defendants in a twenty count indictment alleging, among other counts, Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. § 846 (Count One) and Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Eleven).  ECF No. 17.  On September 20, 2016, the Court appointed Lawrence Woodward, Jr. to represent Petitioner. On October 20, 2016, Petitioner pled guilty to Count One of the Indictment. ECF Nos. 103, 104.

---

[1] The United States incorporates herein the factual background set out in its previous response (ECF No. 185).

Following the disclosure of the PSR, Petitioner's counsel objected to his guidelines being enhanced by U.S.S.G. § 2D1.1(b)(12), for maintaining a premises for the purpose of distributing narcotics. ECF No. 155 at 2-3.

On March 31, 2017, this Court conducted Petitioner's sentencing hearing. The Court accepted Petitioner's plea of guilty and adjudged him guilty of the charged offense. ECF No. 158. The United States called DEA Task Force Officer (TFO) and Portsmouth Police Detective Robert Dyer to testify and address Petitioner's objections. After hearing argument on Petitioner's objections to the PSR, the Court adopted the PSR without changes. ECF Nos. 158, 161. The Court sentenced Petitioner to 300 months' imprisonment, which was a sentence five years below the low end of the advisory guidelines range and five years below the government's recommended sentence. ECF Nos. 160, 161. The Court advised the Petitioner of his right to appeal. ECF No. 158. Petitioner did not appeal his sentence.

On April 2, 2018, Petitioner filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 168. On October 19, 2018, the Court ordered the United States to respond to Petitioner's motion. ECF No. 180. The United States responded to Petitioner's motion on January 7, 2019. ECF No. 185. Petitioner replied on January 22, 2019. ECF No. 186. The Court dismissed four of Petitioner's six claims on August 9, 2019. ECF No. 190. The Court directed the United States to file a supplemental brief regarding its position on the two remaining claims at least fourteen days before the evidentiary hearing, which currently is scheduled for April 1, 2020. *Id*.

The United States hereby submits its position and respectfully submits that the Court should deny Petitioner's motion.

## II.     STANDARD OF REVIEW

To succeed in a claim of ineffective assistance of counsel, Petitioner must show 1) "that counsel's representation fell below an objective standard of reasonableness," and 2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, at 688, 694 (1984). Scrutiny of counsel's performance "must be highly deferential" and "viewed as of the time of counsel's conduct." *Id.* at 689-690.

## III.    ANALYSIS

1. Claim One: Notice of Appeal

Petitioner alleges that his constitutional right to the effective assistance of counsel was denied because counsel was ineffective for failing to file a Notice of Appeal. In a sworn affidavit dated January 16, 2019, Petitioner stated, counsel "came to see me a few days after I was sentenced and ask[sic] me if I wanted to appeal at that time. I expressed that I was unhappy with the sentence and wish[sic] to appeal." ECF No. 186-2 at 2.

Petitioner's counsel submitted an affidavit to the Court on January 7, 2019 and again on March 18, 2020.  ECF Nos. 185-1 and 197-1. In the March 18, 2020, affidavit counsel stated,

> At no time after the plea did Mr. Powell indicate any desire to appeal. I consulted with Mr. Powell about the right to file a Notice of Appeal and specifically that he was waiving that right as part of the plea agreement he entered into with the United States. He indicated a clear understanding of the waiver of appeal.

In counsel's 2019 affidavit, he indicated he had no record or memory of Petitioner's request to file a notice of appeal. Had Petitioner made such a request, counsel's practice was to file the notice of appeal and "then move to withdraw when the client has waived his right to appeal as part of the plea agreement." ECF No. 185-1 at 2 ¶ 5.

In this case, counsel consulted with Petitioner about his right to file a Notice of Appeal and Petitioner never made such a request. Had he done so, counsel would have filed the notice and then withdrawn from the case, as was his practice. Petitioner's claim that he asked his counsel to file a Notice of Appeal is false. Given the heightened deference called for by *Strickland*, Petitioner's claim on this issue should be denied.

2.   Claim Two: Counsel Failed to Investigate Facts Related to the Premises Enhancement

Petitioner's second and final remaining claim for the Court to address is whether counsel performed ineffectively regarding the sentencing enhancement for maintaining a drug premises. Counsel was not ineffective, and § 2255's limitation on the type of claims that may be brought in this post-conviction proceeding bar Petitioner from attempting to re-litigate questions of fact already decided by this Court.

Petitioner seeks to contest the credibility of a co-defendant's statement that supported the enhancement. Petitioner has submitted a lease signed by a Ms. Dwanesa Brown for the period of January 2016 through 2017, perhaps to argue that his co-defendant could not have purchased drugs there prior to January 2016. There are at least three problems with Petitioner's argument.

First, the issue at this stage is not the credibility of the co-defendant or the various places Petitioner claims or will claim to have lived—instead it is about whether counsel was ineffective in addressing this enhancement. Counsel did in fact address this enhancement, both by objecting to it in his position paper and then objecting to it again at sentencing. The United States presented testimony from the DEA TFO who investigated the case, counsel cross-examined the officer, and the objection was overruled. Petitioner has not explained what else, if anything, his attorney purportedly should have done. A § 2255 proceeding is not another avenue toward re-litigate factual disputes.

The second problem with Petitioner's argument is that the production of a lease in the name of another individual does nothing to contradict the Court's previous finding on this issue. Even assuming the defendant was living with Ms. Brown at the Gateway apartment during the period of the lease, and during no other period, that would not disprove that he used it as a drug premises. Likewise, it does not preclude the possibility that the defendant, an admitted narcotics trafficker who has been dealing drugs much of his adult life, maintained other apartments for the purpose of manufacturing and distributing narcotics. Petitioner argues that his co-defendant's claim of purchasing heroin from him for five years could not be true given that he only lived at the Gateway apartment for one year, but that argument conflates two factual issues: how often his co-defendant purchased heroin from him at the Gateway apartment the length of time that co-defendant had been purchasing heroin from him. Nothing about the newly-produced lease suggests the co-defendant did not use Petitioner as a source of supply for five years; likewise, nothing about it suggests she could not have purchased heroin from him at the Gateway apartment twelve times over the course of one year, as the agent testified he learned from the co-defendant.

Petitioner's counsel's objection specifically addressed the co-defendant's credibility, but after testimony from DEA TFO Dyer, the Court overruled the objection. TFO Dyer testified about his interview with Ms. Wilson and her description of a kilogram of heroin she observed at a property on Gateway Drive used by Petitioner ("She explained that it was approximately 2 to 3 inches thick, and it was approximately 9 inches by 6 inches in size."). ECF No. 167 at 15. TFO Dyer was also asked how many times Ms. Wilson purchased heroin from Petitioner and his answer was "Approximately, 12." *Id.* at 19. Ultimately, the issue now is not the credibility of Ms. Wilson, but the effectiveness of Petitioner's counsel. Nothing about his performance was ineffective. He objected to the enhancement, contested the credibility of the source of the

5

enhancement, and cross-examined the agent witness. That the objection was overruled does not make counsel's performance per se ineffective.

The third problem with Petitioner's argument is his meritless claim that he instructed his counsel to investigate the lease. In a sworn affidavit Petitioner stated, "I ask[sic] [counsel] to get the lease agreement for the Gateway drive address to prove that the owner started renting in 2016." ECF No. 186-2 at 2. On March 18, 2020, Petitioner's counsel stated,

> I have no memory of being asked to [get the lease agreement for the Gateway Drive address] and my file does not indicate[] any such request from Mr. Powell. At no time during my representation of Mr. Powell did I become aware of the lease he filed with the Court (ECF Nos. 170-1 and 186-1). He and I discussed the premises enhancement, and based on those discussions and my review of a summary of Ms. Wilson's statement to law enforcement, I raised an objection with the Court at sentencing (ECF No. 155 page 3 ¶ 4), which was overruled.

ECF No. 197-1.

The Court directed the government to address the nature of defense counsel's investigation, and it is clear from Mr. Woodward's affidavit that no such request to obtain a lease was made at the time he represented Petitioner. For argument's sake, even if Petitioner had made such a request and Mr. Woodward had obtained the lease, it still would not have contradicted TFO Dyer's testimony about Ms. Wilson's debrief or overcome the fact that Petitioner used the apartment as a drug premises.

3. Petitioner Can Not Establish Counsel's Deficient Performance.

The "deficient performance" component of *Strickland's* two-pronged formulation requires a litigant to demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That is, a litigant must show that his attorney's performance "fell below an objective standard of reasonableness." *Id*. at 688. Judicial scrutiny of an attorney's performance "must be highly deferential." *Id*. at 689. Counsel consulted with Petitioner about on his rights to

appeal and Petitioner never asked counsel to file a notice of Appeal. Furthermore, counsel examined Ms. Wilson's claim and objected to the premises enhancement. The government then produced testimony from the investigative officer to support the enhancement, and the Court overruled the objection. Under these circumstances, there is no basis for a finding that counsel made any "serious" errors, let alone those that would fall "below an objective standard of reasonableness." *Id*. at 688.

    4.  Petitioner Was Not Prejudiced By Counsel's Performance.

Petitioner has put forth no evidence to demonstrate a "reasonable probability" that "the result of the proceeding would have been different." *Id.* at 694. In fact, the opposite could be found—but for Mr. Woodward's zealous advocacy, Petitioner may have received a 40 year sentence or a 30 year sentence as recommended by the United States and the advisory guidelines. Instead, Petitioner received a sentence five years below the low end of the advisory guidelines.

## IV.  CONCLUSION

While there will be an evidentiary hearing on the Notice of Appeal issue, it is in the Court's discretion to deny the second claim related to the premises enhancement without a hearing. The Government contends that the record supports a denial of the enhancement claim without the need to address it at the evidentiary hearing. For the foregoing reasons, the Government submits that Petitioner's remaining two grounds for relief under 28 U.S.C. § 2255 should be denied.

                                                                       Respectfully submitted,

                                                                       G. ZACHARY TERWILLGER
                                                                       UNITED STATES ATTORNEY

By:       /s/
John F. Butler
Assistant United States Attorneys
Andrew C. Bosse
Assistant United States Attorney
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail: john.f.butler@usdoj.gov;
       andrew.bosse@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and mailed a true and correct copy of the foregoing to the following non-filing user:

Nathaniel Powell
Inmate No. 90186-083
FCI Butner Medium I
Federal Correctional Institution
P.O. Box 1000
Butner, NC 27509

/s/
John F. Butler
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail: john.f.butler@usdoj.gov