IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| NATHANIEL POWELL | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:16-CR-97-02 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## GOVERNMENT'S SUR-REPLY TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

The United States of America, by and through its undersigned counsel, respectfully submits this sur-reply memorandum addressing a new argument raised in Petitioner's Reply to Government's Supplemental Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. ECF No. 198. For the reasons stated below, the new argument raised in the Reply is not an accurate statement and is premised on facts materially different than those present here.

## ARGUMENT

In the Motion, Petitioner argued that he directed his former counsel to appeal. In support of that factual contention—which his former counsel denies—he provided a sworn affidavit about a visit he had with counsel following his sentencing. ECF No. 186-2 at 2. As the government demonstrated in its response brief, that sworn affidavit is factually incorrect. ECF No. 197 at 3. In his Reply, Petitioner raised a new legal argument: that his "expressed dissatisfaction" was sufficient to require counsel to note an appeal pursuant to *Frazer v. South Carolina*, 430 F.3d 696 (4th Cir. 2005). Reply at 3, 8.

A. Petitioner's Argument Does Not Accurately Reflect the Holding in *Frazer v. South Carolina.*

*Frazer* does not hold that an "expressed dissatisfaction" with a sentence is deemed a request to appeal. Instead, it holds, consistent with the Supreme Court's decision in *Flores-Ortega*, that "when there are non-frivolous issues to appeal or the defendant has manifested an interest in appealing, *Strickland* requires that counsel *consult* with the defendant in deciding whether to go forward." *Frazer*, 430 F.3d at 708 (emphasis added); *see Roe v. Flores-Ortega*, 528 U.S. 470, 478-79 (2000). This is precisely what former counsel did in Petitioner's case. His affidavit makes clear that "[a]t no time after the plea did Mr. Powell indicate any desire to appeal. I consulted with Mr. Powell about the right to file a Notice of Appeal." ECF No. 197-1; *see also* ECF Nos. 198-1, 198-4.

The defendant in *Frazer* pleaded guilty to possessing a firearm during the commission of a crime of violence and to possessing a controlled substance with intent to distribute. *Frazer*, 430 F.3d at 701. The court impermissibly sentenced the defendant to a fine that exceeded the statutory maximum and imposed two five-year sentences to run consecutively instead of concurrently—to the surprise of the government and the defendant, who immediately expressed his discontent. *Id.* at 701-702. Despite a prior assurance from Frazer's defense counsel to "file the necessary paperwork" if something went wrong at sentencing, Frazer's counsel's only effort was to raise an informal oral motion for reconsideration, which the court denied. Crucially, "at no time either before or after the denial of the motion for reconsideration did [defense counsel] ascertain whether *Frazer* wished to appeal.". *Id.* at 702. The district court noted:

> The undisputed evidence shows that immediately after sentencing, Frazer and [defense counsel] agreed that [defense counsel] would seek review of the sentence. [Defense counsel] assured Frazer that he "would file the necessary paperwork" to have the sentence modified, and Frazer did not hear from [defense counsel] again until Frazer contacted him about the status of his appeal.

*Id*. at 702-03.

The Court in *Frazer* explained that a three-step inquiry is required when confronted with a claim that counsel rendered ineffective assistance by failing to consult with the defendant regarding an appeal. *Id*. at 707-708. First, the threshold determination is whether the defendant independently decided whether to appeal and communicated that decision to counsel. *Id*. at 707. In Petitioner's case that is a fact in dispute. Mr. Woodward denies that Petitioner instructed him to appeal. Had Petitioner communicated his intent to appeal, Mr. Woodward is clear he would have moved the Court to dismiss him from representing Petitioner—an action that was never taken, suggesting that Petitioner never made such a request.

Next, if the defendant has not specifically requested an appeal, counsel has a professional obligation to "consult" with the defendant regarding the decision to appeal, unless the circumstances demonstrate that consultation is unnecessary. *Id*.; *Flores-Ortega*, 528 U.S. at 478-79. In Petitioner's case, it is undisputed that counsel consulted with Petitioner about his rights to appeal on April 5, 2017, following the March 31 sentencing hearing. ECF No. 198-1. In fact, notes of their meeting were presented in Petitioner's Response. ECF No. 198-4. Third, if counsel failed to consult, which is not the case for the Petitioner, the defendant may demonstrate prejudice by showing that a rational defendant would want to appeal. *Frazer*, 430 F.3d at 708. This can be done by showing that there were non-frivolous issues for appeal or that defendant adequately indicated his interest in appealing. *Id*. Here, the defendant's plea agreement affirmatively waived his right to appeal his conviction and sentence. Even if the Court reached this third question—which it does not need to on the plain facts of this case—any appeal of the defendant's sentence, which was within the statutory maximum, would have been frivolous in light of the explicit waiver to which the defendant agreed.

3

B.  The Facts in *Frazer v. South Carolina* are Distinguishable from Petitioner's Case.

Defense Counsel in *Frazer* never discussed the possibility of appealing. *Id*. In the instant case, Mr. Woodward consulted with Petitioner on April 5, 2017, five days after Petitioner was sentenced, about whether to file a Notice of Appeal. ECF Nos. 197-1, 198-1, 198-4. Here, "at no time after the plea did Mr. Powell indicate any desire to appeal." ECF No. 197-1.

Two other significant facts distinguish *Frazer* from this case: 1) the non-frivolous issue of an excessive fine that exceeded the statutory limit; and 2) the trial court's decision to run sentences consecutively instead of concurrently, against the expectations of both defense counsel and the government.[1] The defendant in *Frazer* "indicated his unhappiness with his consecutive sentences and asked [his counsel] to see about 'having [them] run together.'" *Frazer*, 430 F.3d at 712. Here, Petitioner seems to suggest that his general "expressed dissatisfaction" with the sentence would somehow automatically trigger his counsel's obligation to file an appeal. ECF No. 198 at 8. That is not the holding of *Frazer* and not the law in this Court. The Fourth Circuit found that the defendant's "interest in an appeal was unwavering and ongoing" and that he demonstrated "an intent to pursue [an appeal] at all costs." *Frazer*, 430 F.3d at 712. The record in Petitioner's case is not comparable by any stretch.

*Frazer* requires counsel to consult with Petitioner, which is what happened in this case. Former counsel thus fulfilled his constitutional duty to his client, and the Court should dismiss Petitioner's claim that counsel was ineffective.

---

[1] "The trial court's decision to impose consecutive sentences took both parties by surprise, and Frazer's sentencing took place just one day after 'a heated [pre-trial] hearing' in which 'thing[s] really kind of went [s]outh.' J.A. 183-84. Describing this hearing as 'brutal,' [defense counsel] noted that 'any adverse ruling we could have had' from the judge that sentenced Frazer the following day, 'we got.' Under these circumstances, we are not persuaded that an assertion by Frazer that his sentence was 'the result of partiality [or] prejudice' would be frivolous." *Frazer*, 430 F.3d at 711-12.

## **CONCLUSION**

For the reasons stated above and in the government's response brief, ECF No. 197, the

Motion should be denied.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By:  /s/
_____
John F. Butler
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number:  757-441-6331
Facsimile Number: 757-441-6689
E-Mail Address: john.f.butler@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of April, 2020, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to:

> Adam M. Carroll, Esquire
> WOLCOTT RIVERS GATES
> 200 Bendix Road, Suite 300
> Virginia Beach, VA 23452
> Phone: 757.497.6633
> Facsimile: 757.687.3655
> E-mail: acarroll@wolriv.com
> *Attorney for the Nathaniel Powell*

I HEREBY CERTIFY that on this 14th day of April, 2020, I mailed a true and correct copy

of the foregoing to the following non-filing user:

> Nathaniel Powell
> Inmate No. 90186-083
> FCI Butner Medium I
> Federal Correctional Institution
> P.O. Box 1000
> Butner, NC 27509

> /s/
> _____
> John F. Butler
> Assistant United States Attorney
> United States Attorney's Office
> 101 West Main Street, Suite 8000
> Norfolk, Virginia 23510
> Office Number:  757-441-6331
> Facsimile Number: 757-441-6689
> E-Mail Address: john.f.butler@usdoj.gov